IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PREKOP, | ) |
|         Plaintiff, | ) |
| | ) |
|         v | )   2:10-cv-1691 |
| | ) |
| PNC BANK, | ) |
|         Defendant. | ) |
| | ) |
| | ) |

### MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND UNDER THE DOCTRINE OF JUDICIAL ESTOPPEL (Document No. 36), with numerous exhibits and brief in support. In particular, in support of its motion Defendant PNC Bank ("PNC") has attached several documents related to the Chapter 13 Bankruptcy Petition filed by Plaintiff James Prekop ("Prekop") at Case No. 10-25291-JFK. Plaintiff's response to Defendant's motion was required to be filed on or before January 4, 2013. As of the date of this Order, no response has been filed by Plaintiff. Accordingly, the motion is ripe for disposition and will be resolved without input from Plaintiff.

Plaintiff's Complaint in this case was filed on December 16, 2010 and asserts causes of action against PNC for gender discrimination, disability discrimination and retaliation. On March 24, 2011, the Court issued a Memorandum Order which denied PNC's original motion to dismiss for failure to exhaust administrative remedies. PNC then filed an Answer; the Court entered a Case Management Order; the parties participated in a mediation that did not result in settlement; the parties engaged in discovery; and the Court conducted a post-discovery status conference. The next phase of the case would have been summary judgment. However, on January 3, 2012 after taking Prekop's deposition, PNC filed an Amended Answer to assert the

defense of lack of standing/judicial estoppel.  On January 10, 2012, the Court granted the parties' joint motion for an indefinite stay, because the parties had reportedly reached a settlement agreement and needed to obtain the approval of the Bankruptcy Trustee and Bankruptcy Court.

The case essentially sat dormant for most of 2012.  On November 16, 2012, PNC filed a status report which explained that the case could not be settled until Prekop and his bankruptcy counsel amended Schedule B of his Bankruptcy Petition to include the instant lawsuit.  PNC advised that because it appeared that Prekop would not take the necessary steps to effectuate the settlement, PNC would file a motion to dismiss this case.  Prekop did not take the necessary steps to finalize settlement.  Accordingly, on December 14, 2012 PNC filed the instant motion.  Prekop has failed to file a response.

The Court will take judicial notice of the bankruptcy court docket filings.  Prekop's voluntary petition for bankruptcy under Chapter 13 was filed on July 26, 2010.  Prekop's Chapter 13 Bankruptcy Plan was confirmed by the Bankruptcy Court in September 2010 and modfied and re-confirmed on December 22, 2010 (just one week after this lawsuit was filed.)  Prekop failed to list this lawsuit as an asset of his bankruptcy estate and did not disclose the existence of this lawsuit to the Bankruptcy Court or to his creditors.  On August 20, 2012 the Bankruptcy Court granted Prekop's motion for a hardship discharge.  On November 16, 2012, the Chapter 13 Trustee filed her Amended Final Report and Account in Prekop's bankruptcy case.

PNC's instant motion to dismiss has two related prongs.  First, PNC contends that Prekop lacks standing to pursue the claims in this lawsuit, as the Chapter 13 Trustee is the "real party in interest."  *Killmeyer v. Oglebay Norton Co.*, 817 F. Supp.2d 681, 688-89 (W. D. Pa. 2011).

Further, as explained by the *Killmeyer* Court, if a bankruptcy debtor failed to list the lawsuit as an asset in Schedule B, the Trustee's failure to pursue the case does not constitute abandonment, such that a debtor may pursue it. *Id*. Nor does an email from the Trustee's attorney constitute the requisite formal abandonment. The second prong of PNC's argument is the doctrine of judical estoppel. Essentially, PNC contends that Prekop should be precluded from asserting a legal position in this case (i.e., that he has valid claims against PNC) which is inconsistent with the legal position he took in his bankruptcy case (that no such claims/potential assets of the estate exist). *See Krystal Cadillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314, 319-20 (3d Cir. 2003) (applying judicial estoppel doctrine in similar circumstances for failure to disclose claim in bankruptcy).

The Court agrees with PNC. In *Krystal Cadillac*, the Court of Appeals identified three criteria for application of the judicial estoppel doctrine: (1) the party to be estopped must have taken two positions that are irreconcilably inconsistent; (2) judicial estoppel is unwarranted unless the party changed his or her position "in bad faith -i.e., with intent to play fast and loose with the court"; and (3) a district court may not employ judicial estoppel unless it is "tailored to address the harm identified" and no lesser sanction would adequately remedy the damage done by the litigant's misconduct. *Id*. Moreover, a rebuttable presumption of "bad faith" will be applied if the pleadings demonstrate that a plaintiff had knowledge of the claim and a motive to conceal that claim despite a duty to disclose it. *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416-18 (3d Cir. 1988) (debtor has express obligation of candid disclosure, and breach of such duty bars a subsequent attempt to prosecute the action). The *Oneida* Court held that the debtor's failure to list the claim triggered application of the doctrines of equitable estoppel and judicial estoppel. *Id*. at 419-20.

In this case, Prekop has taken positions that are irreconcilably inconsistent (i.e., whether or not he has a valid claim against PNC that may be an asset of his bankruptcy estate). He remained silent as his bankruptcy plan was confirmed just days after this lawsuit was filed. Such inconsistent positions constitute – at least, a rebuttable presumption of – "bad faith." By failing to file a timely response to PNC's motion, Prekop has failed to rebut the presumption of bad faith. Finally, application of judicial estoppel to dismiss this case with prejudice is narrowly tailored to address the harm. Prekop is attempting to recover damages in this case for his own personal benefit which should have inured to the benefit of his creditors. His actions have compromised the integrity of the bankruptcy process and the judicial process. *See Krystal*, 337 F.3d at 325. Accordingly, dismissal of this case is warranted.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES S. PREKOP, | ) |
|                   **Plaintiff,** | ) |
| | ) |
|           v | )   2:10-cv-1691 |
| | ) |
| PNC BANK, | ) |
|                   **Defendant.** | ) |
| | ) |
| | ) |

## ORDER OF COURT

AND NOW, this 16th day of January, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that DEFENDANT'S MOTION TO DISMISS FOR LACK OF STANDING AND UNDER THE DOCTRINE OF JUDICIAL ESTOPPEL (Document No. 36) is **GRANTED**. This case is dismissed with prejudice.

                                                      BY THE COURT:
                                                      s/Terrence F. McVerry
                                                      United States District Judge

cc:    **Erik M. Yurkovich, Esquire**
        Email: Erik.Yurkovich@gmail.com

        **Eric P. Reif, Esquire**
        Email: epr@pietragallo.com

        **Caroline F. Turcotte**
        Email: cturcotte@eapdlaw.com

        **Gary J. Lieberman**
        Email: glieberman@eapdlaw.com